# COLECCIÓN DE LAS SENTENCIAS Y RESOLUCIONES

## DICTADAS POR EL

# TRIBUNAL SUPREMO DE PUERTO RICO.

HERNÁNDEZ, APELANTE. *v.* MEDINA ET AL., APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 857.—Resuelto en enero 17, 1913.

EJECUCIÓN DE SENTENCIA—FALTA DE PRUEBAS—AFIRMACIONES.—Las afirmaciones deben probarse por la parte que las hace. El que reclama el cumplimiento completo de una sentencia contra un tercero debe probar el pronunciamiento de la misma, que una parte está incumplida y que fué inscrita en el libro de sentencias del registro de la propiedad.

ADMISIONES—TRANSCRIPCIÓN DE AUTOS—ALEGATOS.—Las admisiones de las partes deben figurar en la transcripción de autos, siendo insuficiente consignarlas en el alegato.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado de los apelados: *Sr. José de Diego.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la transcripción de los autos que se ha presentado en esta corte para resolver el presente recurso, se inserta una moción de Agustín Hernández Mena a la corte de distrito, en la que exponía que con fecha 19 de agosto de 1909, se había dictado sentencia a su favor contra Julio Medina González, para que le pagara 1,480 pesos 95 centavos, intereses a seis por ciento y costas; que tal fallo fué registrado en el libro de registro de sentencias del Registro de la Propiedad de Mayagüez con fecha 17 de enero de 1910; que quedaban pen-

diente de pago de ese fallo $867.25, los intereses y las costas; que para su cobro el márshal embargó en 16 de marzo de 1912 todo el derecho, título e interés del demandado Julio Medina González en una finca rústica que describe; que la misma aparece inscrita en el registro de la propiedad en la proporción de una mitad de condominio proindiviso a favor, cada uno, de Carlos Vega y de Pedro Vicenty; que Carlos Vega y Francisco Ramírez la adquirieron por compra privada en 29 de marzo de 1911 de José Ibáñez, quien, a su vez, la había comprado a Julio Medina González en 10 de marzo de 1911, habiéndola éste adquirido por compra a Pedro R. Matos y otros en 26 de junio de 1908; que fué inscrita a favor de Vega y Ramírez el 10 de enero de 1912; que Pedro Vicenty Semidey adquirió el condominio de Francisco Ramírez por adjudicación que se le hizo en subasta para el pago de una sentencia; que cuando en 17 de enero de 1910 fué inscrito su fallo en el registro de sentencias del registro de la propiedad, dicha finca pertenecía a Julio Medina González. Concluyó pidiendo que se requiriera a Carlos Vega y a Pedro Vicenty Semidey para que mancomunada y solidariamente liberasen dicha finca pagándole los $867.25, los intereses y las costas pendientes de pagos, y que si no lo efectuaban, se ordenase la cancelación en el registro de la propiedad de las inscripciones de dominio hechas a favor de dichos señores y cualquiera otra que en su caso se hubiera extendido posteriormente.

De una certificación librada por el Registrador de la Propiedad de Mayagüez en 21 de marzo de 1912, aparece que la inscripción primera de dicha finca fué hecha en 10 de enero de 1912 a favor de Carlos Vega y Francisco Ramírez como consecuencia de un expediente de dominio aprobado en 4 de octubre de 1911, del que aparece que dichos señores adquirieron esa finca por compra privada en 29 de marzo de 1911 de José Ibáñez y su esposa; que éstos la habían adquirido por compra a dicho Julio Medina González y su esposa en 10

de marzo de 1911, y éstos, a su vez, la compraron a Don Pedro R. Matos y otros.

La inscripción segunda de esa finca de fecha 26 de febrero de 1912 es a favor de Pedro Vicenty por la participación que en ella tenía Francisco Ramírez y que le fué adjudicada en virtud de una ejecución de sentencia.

También aparece de la transcripción de los autos, que después de haber sido oídos el peticionario y Carlos Vega y Pedro Vicenty, la corte, por su resolución de 20 de abril de 1912, declaró sin lugar en todas sus partes la mencionada petición con las costas a cargo de Agustín Hernández Mena, quien, contra la misma, estableció el presente recurso de apelación.

No aparecen de la transcripción otros documentos que los relatados, y, por tanto, de que la sentencia en contra de Julio Medina se dictó, de que una parte está incumplida y de que fué inscrita en el libro de sentencias del Registro de la Propiedad de Mayagüez, no existen otras constancias que las simples manifestaciones hechas por Agustín Hernández· Mena en su moción. No encontramos prueba alguna de ellas, y, por tanto, este solo motivo es suficiente para que su pretensión fuera negada, ya que eran hechos que necesariamente habían de probarse por ser indispensables y previos para la discusión y resolución del derecho reclamado. Es regla antiquísima y constante de derecho que las afirmaciones deben probarse y él debió probar esos extremos a las personas contra quien dirigió su petición.

Expresa el apelante en su alegato ante nosotros, que los hechos expuestos en su moción fueron admitidos por las partes y que, por tanto, quedaron justificados; pero si así fué, lo que niegan los apelados, tales admisiones debieron figurar en la transcripción, sin que sea suficiente que lo consigne en su alegato.

No probados esos hechos, nos falta base para considerar la cuestión legal propuesta por el apelante respecto a los efectos de la inscripción de una sentencia, ya que no sabemos

haya sido inscrita, y debemos, por tanto, terminar en este punto la opinión y confirmar la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.